**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Charles Pennell, Appellant.

Appellate Case No. 2011-187130

———————————

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-285
Heard June 5, 2013 – Filed June 26, 2013

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J.Catoe, all of Columbia, and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

———————————

**PER CURIAM:** Charles Berlin Pennell appeals his conviction of carjacking, arguing the trial court erred in denying his directed verdict motion. Specifically, Pennell contends there was no direct or substantial circumstantial evidence the victim (Wilson) was inside or operating his car when Pennell threatened him. We affirm.

Viewing the evidence in the light most favorable to the State, we find there was ample testimony by Wilson that he was inside his car at the time of Pennell's threat to take the car. *See State v. McKnight*, 352 S.C. 635, 642, 576 S.E.2d 168, 172 (2003) (holding an appellate court must view the evidence in the light most favorable to the State and if any direct evidence or substantial circumstantial evidence reasonably tends to prove the guilt of the accused the case must be submitted to the jury). Wilson testified, while he was in the process of getting out of his car at the time of the incident, he was not yet out of the car and Pennell stood in the doorway of his car. Wilson further indicated he was seated in the car seat and was inside his car "the whole time" even though he was standing after he had retrieved his gun from his glove box.

"Unless there is a total failure of competent evidence as to the charges alleged, refusal by the trial judge to direct a verdict of acquittal is not error." *State v. Bostick*, 392 S.C. 134, 139, 708 S.E.2d 774, 776-77 (2011). Accordingly, we find that the trial court did not err in denying Pennell's motion for a directed verdict.

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**